*Decision will be entered under Rule 50.*

THE SEHTAM CORPORATION (NOW) JARUTH, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101101. Promulgated April 24, 1941.

*D. Basil O'Connor, Esq.*, for the petitioner.
*James T. Haslam, Esq.*, for the respondent.

OPINION.

BLACK: The Commissioner has determined a deficiency of $6,511.89 in petitioner's income tax for the fiscal year ended August 31, 1936, and a deficiency of $10,363.37 in petitioner's personal holding company surtax for the same period.

The deficiencies are due to three adjustments which the Commissioner has made in petitioner's income as disclosed in the return which it filed for the taxable year. Only one of these adjustments is contested. That adjustment is the addition by the Commissioner to petitioner's net income of an item of $47,766.24. This item is explained in the deficiency notice as follows:

(a) Income from the sale of securities during the taxable year, which were received from the partnership of Mathes and Mathes in a nontaxable exchange for your stock during the year 1933, is increased $47,766.24 on the grounds that the transferors' basis of the securities constituted your cost, the basis of the securities in the hands of the transferor partnership being the same as the cost or other basis of the contributing partners, pursuant to Section 113 (a) (13) of the Revenue Act of 1934 and/or the Revenue Act of 1936.

To this adjustment made by the Commissioner the petitioner assigns error as follows:

The Commissioner, in determining the taxable net income of The Sehtam Corporation for the fiscal year ended August 31, 1936, erred in computing the taxable gain realized by it on the sale during the fiscal year ended August 31, 1936, of 4710 shares of stock of Climax Molybdenum Company and 3900 shares of stock of General Plastics, Inc., and the Commissioner erroneously used as the basis for determining taxable gain on the sale of said stocks, the basis thereof to the individual members of the partnership of Mathes & Mathes, who had contributed the stocks to the partnership, from which partnership The Sehtam Corporation acquired the stocks in a tax-free transfer, on or about September 16, 1933; whereas the proper basis was the basis of the stocks in the hands of The Sehtam Corporation's transferor, i. e., the partnership, and such basis was the fair market value of the stocks at the time of their contribution to said partnership.

The respondent denied that he erred in the manner above described.

The facts have been stipulated and we adopt the stipulation of facts as our findings of fact. We state such of those facts as seem necessary for an understanding of the issue which we are called upon to decide.

The petitioner is a corporation organized under the laws of the State of New York. Its address is Stamford, Connecticut. It filed its income tax return for the taxable year in question with the collector of internal revenue for the district of Connecticut.

Petitioner was incorporated on September 16, 1933, with an authorized capital of 5,500 shares of preferred stock of the par value of $100 each and 5,500 shares of common stock without par value, and acquired the assets theretofore owned by the partnership of Mathes & Mathes.

James M. Mathes and Ruth D. Mathes, his wife, owned certain securities which they had acquired after March 1, 1913, but prior to September 1, 1933. On that latter date they formed a partnership named Mathes & Mathes, consisting only of James M. Mathes and Ruth D. Mathes, and transferred to the partnership the securities held by the individuals. The securities were transferred by the individuals to the partnership and recorded on the books of the partnership at the then market value, which was in excess of the cost thereof to the individuals.

On or about September 18, 1933, petitioner and Mathes & Mathes entered into an agreement whereby the partnership transferred to petitioner all of the assets then owned by the partnership, consisting principally of securities acquired on September 1, 1933, from James M. and Ruth D. Mathes, in exchange for 5,500 shares of preferred stock and 5,436 shares of common stock of petitioner, which represented all of its issued and outstanding stock. Thereafter the partnership was in control of the petitioner.

In December 1933 said partnership was dissolved and the 5,500 shares of preferred and 5,436 shares of common stock of petitioner were distributed to the individual members of the partnership in proportion to their respective interests in the partnership. Neither gain nor loss was recognized either by the partners or the Commissioner upon the liquidation of the partnership in 1933.

Among the securities acquired by petitioner from the partnership were 1,570 shares of stock of Climax Molybdenum Co. (later split 3 for 1, in a nontaxable transaction, resulting in 4,710 shares) and 3,900 shares of stock of General Plastics, Inc. During the fiscal year ended August 31, 1936, petitioner sold 4,710 shares of Climax Molybdenum Co. and 3,900 shares of General Plastics, Inc., for the aggregate sum of $274,063.50. These shares of stock, or the shares from which they were derived, had been received by the petitioner from the partnership and by the partnership from the individuals, and petitioner reported their sale in its income tax return for said fiscal year.

In computing its taxable gain on the sale petitioner took as the cost basis the sum of $55,098.24, the market value at September 1, 1933, when acquired by the partnership of Mathes & Mathes, showing a taxable gain of $218,965.26, which petitioner included in its gross income.

In computing the taxable gain derived by the petitioner on the sale the Commissioner took as the cost basis the sum of $7,332 for General Plastics, Inc., stock, and zero for the Climax Molybdenum Co. stock, which were the respective bases of those stocks to the individual members of the partnership, who contributed them to the partnership.

The pertinent sections of the applicable revenue acts are sections 112 (b) (5) and 113 (a) (8) of the Revenue Acts of 1932 and 1936, which are the same in both acts and are printed in the margin.[1]

Also, for reasons which we shall presently state, we think section 113 (a) (13) of the Revenue Act of 1936 [2] is applicable.

It seems to be petitioner's contention that, because petitioner, a corporation, acquired the property which was sold in the taxable year from a partnership in 1933, the basis which was applicable in 1933 must necessarily remain constant and be the basis which still controls in the year when the sale was made. This would doubtless be true in the absence of a change in statute. It is, of course, true, under the facts which we have narrated above, that under the Revenue Act of 1932, in effect at the time of acquisition, the basis to the partnership of the property which it acquired from the partners, James M. and Ruth D. Mathes, was the fair market value of the securities at the time they were acquired in 1933. *Walbridge* v. *Helvering*, 70 Fed. (2d) 683; certiorari denied, 293 U. S. 594; *Edward B. Archbald*, 27 B. T. A. 837; affd., 70 Fed. (2d) 720; certiorari denied, 293 U. S. 594.

---

[1] SEC. 112. RECOGNITION OF GAIN OR LOSS.

\* \* \* \* \* \* \*

(b) EXCHANGES SOLELY IN KIND.—

\* \* \* \* \* \*

(5) TRANSFER TO CORPORATION CONTROLLED BY TRANSFEROR.—No gain or loss shall be recognized if property is transferred to a corporation by one or more persons solely in exchange for stock or securities in such corporation, and immediately after the exchange such person or persons are in control of the corporation ; but in the case of an exchange by two or more persons this paragraph shall apply only if the amount of the stock and securities received by each is substantially in proportion to his interest in the property prior to the exchange.

SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \* \*

(8) PROPERTY ACQUIRED BY ISSUANCE OF STOCK OR AS PAID-IN SURPLUS.—If the property was acquired after December 31, 1920, by a corporation—

(A) by the issuance of its stock or securities in connection with a transaction described in section 112 (b) (5) (including, also, cases where part of the consideration for the transfer of such property to the corporation was property or money, in addition to such stock or securities), or

(B) as paid-in surplus or as a contribution to capital, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made.

[2] SEC. 113. ADJUSTED BASIS FOR DETERMINING GAIN OR LOSS.

(a) BASIS (UNADJUSTED) OF PROPERTY.—The basis of property shall be the cost of such property ; except that—

\* \* \* \* \* \*

(13) PARTNERSHIPS.—If the property was acquired, after February 28, 1913, by a partnership and the basis is not otherwise determined under any of the paragraphs (1) to (12), inclusive, of this subsection, then the basis shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made. If the property was distributed in kind by a partnership to any partner, the basis of such property in the hands of the partner shall be such part of the basis in his hands of his partnership interest as is properly allocable to such property.

If the securities in question had been sold either by the partnership, or by the corporation after it had acquired them from the partnership, prior to the effective date of the Revenue Act of 1934, the basis for which petitioner contends would have applied. *Cyrus S. Eaton*, 37 B. T. A. 715; *Flannery* v. *United States*, 25 Fed. Supp. 677; affd., 106 Fed. (2d) 315; *Spaid* v. *United States*, 28 Fed. Supp. 670; affd., 106 Fed. (2d) 315. The Revenue Act of 1934 was the first to contain the provisions of section 113 (a) (13), *supra*.

The Committee on Ways and Means of the House of Representatives, in its report to the House of Representatives to accompany the Revenue Bill of 1934, explained the purpose of section 113 (a) (13) as follows:

The committee also proposes two important changes in connection with the basis provisions, for the purpose of making it entirely certain that there can be no use of the partnership as a medium of tax avoidance in cases of sales of property which has appreciated in value. The result of the provisions of section 113 (a) 13 is that if property is purchased by a partnership the basis of such property to the partnership shall be its cost; but if the property is paid in by a partner, then the basis to the partnership shall be the cost or other basis to the partner. * * *

Petitioner contends that to apply section 113 (a) (13) in the instant case would be a retroactive application of that section and that such is not permissible, and cites *Flannery* v. *United States, supra*, and *Spaid* v. *United States, supra*, in support of its contention. The taxable year involved in those cases was 1929, and clearly it would have been a retroactive application of section 113 (a) (13) of the Revenue Act of 1934 to have applied it to sales made in 1929. The year which we have before us is the taxable year 1936 and, as already stated, the applicable act is the Revenue Act of 1936. That act contains section 113 (a) (13) exactly as it appeared in the 1934 Act. The basis as to property sold or exchanged in 1936 is that determined under the Revenue Act of 1936, and not the basis as it would have been under the law in effect when the property was acquired, except that in certain cases the Revenue Act of 1936 provides that the basis shall be determined under the terms of prior acts. The instant case is not one of the latter.

Petitioner rightly says in its brief that the basis in the instant case is determined under section 113 (a) (8) of the Revenue Act of 1936. That section provides that, where a corporation has acquired property by the issuance of its stock under such circumstances that section 112 (b) (5) applies, "then the basis shall be the same as it would be in the hands of the *transferor*, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable to the year in which the transfer was made." (Italics supplied.)

Who was petitioner's transferor within the meaning of the foregoing statute? The answer is the partnership of Mathes & Mathes. What is the basis to the partnership of the, securities transferred to petitioner by the partnership in a prior year? The answer is that the basis to the partnership, under the provisions of section 113 (a) (13) of the Revenue Act of 1936, is the cost of the securities to the partners who originally transferred them to the partnership.

If the partnership of Mathes & Mathes had not been dissolved and had retained the securities in question until the year 1936 and had sold them in that year, there could be no question, we think, but that section 113 (a) (13) would be applicable and the basis for determining gain or loss on the property sold would be the cost of the securities to the partners who had contributed them to the partnership.

Would there be any change in that situation where petitioner corporation acquired such securities from the partnership in a transaction which admittedly was one where no gain or loss was recognized under the statute which was applicable at the time of the transfer? We think not. Therefore, we can see no error in the computation of the basis which respondent has used in determining petitioner's gain on the securities which it sold in 1936. On this issue we sustain respondent. Inasmuch as petitioner does not contest the other adjustments made by respondent,

*Decision will be entered for respondent.*

Reviewed by the Board.

---

STERNHAGEN, concurring: Although the decision is clearly correct, I can not bring myself to an acceptance of the postulate, even though it was stipulated, that there was a partnership of the husband and wife which was substantial enough to require consideration of section 113 (a) (13). I should have to hold that petitioner received the securities directly from the individual husband and wife in exchange for all its shares and hence succeeded to their basis for determining gain or loss.

MELLOTT agrees with the above.